FILED

97 APR -4 PM 3: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

APR 4 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BILLY RAY HUTCHINS, )
)
      Plaintiff, )
)
vs. ) CV 96-PT-2973-M
)
CRAVEN CROWELL, et al., )
)
      Defendants. )

Memorandum Opinion

      This cause comes on to be heard on a motion to dismiss or, in the alternative, for summary judgment filed by the defendants on January 22, 1997. In their motion, the defendants contend that the Title VII claims of the plaintiff, Billy Ray Hutchins (1) are barred by the statute of limitations, (2) are not fully exhausted through the Tennessee Valley Authority's Employment Opportunity Compliance system, and (3) fails to state that a causal relationship exists between his termination and either a retaliatory or racial animus by the defendants.

      Under Federal Rule of Civil Procedure 12(b)(6), a defendant may bring a motion to dismiss where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. PROC. 12(b)(6). Dismissal is appropriate under Rule 12(b)(6), only if the plaintiff "can prove no set of facts that would entitle him to relief." Madison v. United States, 752 F.2d 607, 609 (11th Cir. 1985). In evaluating a motion to dismiss, the court is only to look at the complaint itself and any exhibits attached or incorporated thereto. United States v. Wood, 925 F.2d 1580 (7th Cir. 1991). When necessary to interpret the claims in the complaint, the court may also look at documents referenced

in the complaint or exhibits attached to the complaint. <u>Venture Assocs. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993). Any documents outside of the pleadings convert the motion into one for summary judgment under Rule 56. <u>Carter v. Stanton</u>, 405 U.S. 669 (1972). Supplemental affidavits have been filed. Therefore, this motion will be treated as one for summary judgment.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes prove the absence of a genuine issue of material fact. <u>Id.</u> at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." <u>Cottle v. Storer Communication, Inc.</u>, 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing the presence of a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . " in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the prism of the substantive evidentiary burden. <u>Anderson</u>, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235, 1237 (11th Cir. 1992). Considering the above, this court must examine the evidence to determine the existence of genuine issues of material fact as to the various issues.

## Facts

In his complaint, the plaintiff avers the following facts:

Plaintiff is an African-American male, who is employed by the Defendant as a custodian SF-!, and he worked for the Defendant for a period of years up until on or about July 5, 1994, at which time he was unlawfully terminated by the Defendant. Plaintiff's education — reading and writing abilities — are not good enough to enable him to fill out the application for employment with the Defendant and he has never been able to fill out an application without assistance for the Defendant's management. Each time that the Plaintiff was required to fill out a new application form with the Defendant, he always told the truth and answered each and every question on the application(s) including but not limited to his entire criminal conviction history, to the best of his memory. The Defendant's Public Safety Service security department recommended, after a pre-employment investigation of the Plaintiff that he not be employed during September, 1993, during the pendency of an EEO Complaint that the Plaintiff had made with respect to unlawful conduct as against himself which was settled on October 18, 1993 in the Plaintiff's favor. As a result of that settlement, the Plaintiff was hired as a custodian and required to fill out a new application form for employment and again Plaintiff had to have assistance from Defendant's management in filling out the application, and he told to the best of his knowledge all of the (prior) convictions that he could remember. In fact, one of the Defendant's authorized agents, a Ms. Newcomb, wrote on January 6 1994, a memo to Ms. Lattimore, in which she stated: "I met with Mr. Hutchins and discussed his conviction. I sincerely believe there was no intent to falsify or mislead. Mr. Hutchins is a dedicated employee who performed satisfactorily in all aspects of his job." Plaintiff had actually hired a lawyer who help ed research his criminal conviction history just to make sure that the history of his criminal conviction would be accurately and fully reflected on the application for employment. It was the Plaintiff's understanding that his lawyer had talked with Defendant's management with respect to his findings. The Plaintiff was hired after he settled the EEO complaint with the Defendant on October 18, 1993, and pursuant to his settlement agreement with Defendant he filled out another employment application in December 1993. The Defendant's authorized agents, including but not limited to the Plaintiff's immediate supervisor, a Mr. Robert Standefer constantly harassed Plaintiff while he was performing his work and often made racial slurs and comments against the Plaintiff and also told the Plaintiff on an occasion prior to the Plaintiff's termination, that he was going to get Plaintiff terminated, while making racial slurs at the same time against the Plaintiff. The Plaintiff performed his work for the Defendant in a good workman-like manner and on or about July 5, 1994, Defendant terminated the Plaintiff for allegedly falsifying his pre-employment application form in December, 1993, when the Defendant alleged that the Plaintiff intentionally acted and willfully omitted to place on the application or have placed on the application for employment that he had two misdemeanor convictions in Chattanooga, Tennessee with respect to patronizing prostitution. The plaintiff was terminated by the Defendant by and through Plaintiff's immediate supervisor Robert Standefer and Ms. Julie Newcomb.

This Complaint alleging employment discrimination on account of race and due to wrongful EEO retaliation is timely filed in that Plaintiff made a second EEO complaint for race discrimination and wrongful EEO retaliation with Defendant internal EEO Administrative department and it was assigned EEO File Reference Number of 0718-94094 amd processed through the Defendant's EEO Commission Docket and assigned a Docket Number 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-X. Plaintiff's internal EEO complaint with Defendant has reached final conclusion in that all administrative relief within Defendant's organization has been exhausted and on or about the first week of September, 1996, Plaintiff received a letter by Certified Mail, Return Receipt Requested from the Defendant informing him of the Defendant's final decision with respect to his EEO Complaint as aforesaid, which was not in his favor, and pursuant to the letter he received he had ninety (90) days from the date he

>actually received that letter to file a civil cause of action in the U.S. District Court and this letter is attached to and made part hereof by reference marked "Exhibit A"[.]

Complaint ¶¶ 3&4. The defendants state that the notice of a final decision was sent to Monroe Powers on August 12, 1996, and received by him on August 15, 1996. As stated above, the plaintiff claims that he did not receive the notice of a final decision until "the first week of September, 1996." The plaintiff does not assert that he informed the TVA of his dismissal of Powers.

The defendants present documents of the earlier administrative proceedings in which the plaintiff did not expressly raise race discrimination as an issue in his termination.

## Contentions & Analysis

The defendants first argue that because the plaintiff filed his complaint on November 14, 1996, ninety-one days after Monroe Powers, the plaintiff's agent, received a copy of the Tennessee Valley Authority's (TVA) final decision on his claim of discrimination, the plaintiff is barred by the ninety-day statute of limitations from bringing the instant action in this court. The plaintiff responds that, prior to Powers' receipt of the decision, the plaintiff had terminated Powers as his representative. As a result, the plaintiff did not receive a copy of his decision until later and that therefore the statute of limitations should be tolled (for at least one day) to allow him to make up the lost time. The defendants respond that because the plaintiff did not inform the TVA of the dismissal of Powers, it acted with the impression that Powers was still the plaintiff's agent. Under agency law, the defendants contend, where the principal has failed to inform a third-party who had dealt with the agent of the termination of the agency relationship, that third-party's dealings with the dismissed agent on the belief that he or she is still the agent of the principal will be binding against the principal. Thus, the date of delivery of the letter to Powers is binding against the plaintiff.

The defendant second argues that because the plaintiff only pursued his retaliation claim in his administrative proceedings that he is subsequently barred from raising his discrimination claim. The plaintiff concurs in his response. Therefore, any race discrimination claim will be **DISMISSED**.

Third, the defendant states that the plaintiff cannot show a causal connection between his past EEO activity and his termination. The plaintiff responds that the issue should be dealt with in a future motion for summary judgment, as he has not had the opportunity to conduct discovery such as would bolster his claim.

Finally, the defendant argues that the plaintiff's § 1981 claim is precluded by 2000e-16, which is the plaintiff's only avenue of relief against the government. This court agrees. See, Brown v. General Services Admin., 425 U.S. 820, 835 (1976). The plaintiff's § 1981 claims will be **DISMISSED**.

The court need not reach the third issue, because the plaintiff has failed to file a timely complaint under 42 U.S.C. § 2000e-16(c). In Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1991), the Supreme Court stated that "§ 2000e-16(c) requires only that the . . . notification letter be 'received'; it does not specify receipt by the claimant rather than by the claimant's representative." In addition, "a plaintiff is required to assume some minimal responsibility to ensure receipt." Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522, 524 (11th Cir. 1991). The Eleventh Circuit Court of Appeals held in Lewis v. Conners Steel Company, 673 F.2d 1240, 1243 (11th Cir. 1982), that it was "fair and reasonable for the plaintiff . . . to assume the burden of advising . . . the deciding agency . . . of address changes or to take other reasonable steps to ensure delivery of the notice to his current address." There is no evidence that the plaintiff made any such attempt to notify TVA of his change of representative. Further, the plaintiff received the notice in the first week of September, not, for example, on the eve of November 12, a day before a complaint was due. The plaintiff's attorney therefore had ample time (almost seventy days) in which to prepare a complaint. This court also notes that the evidence does not create a reasonable inference of retaliation.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss, or in the alternative, for summary judgment, will be **GRANTED** and this action will be **DISMISSED**, with prejudice.

This ___4___ day of April 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE